# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| SHELDON C. McAULEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) Case No. 1:14-CV-008-JVB |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

Sheldon C. McAuley, a *pro se* prisoner, filed an amended habeas corpus petition challenging his conviction and 8 year sentence imposed by the Allen Superior Court under cause number 02D04-1004-FC-78 on November 5, 2010. The respondent filed a brief asking that the case be dismissed with prejudice because the two grounds raised are both procedurally defaulted. McAuley argues that neither claim is procedurally defaulted.

"To avoid procedural default, a habeas petitioner must fully and fairly present his federal claims to the state courts." *Anderson v. Benik*, 471 F.3d 811, 814-15 (7th Cir. 2006) (quotation marks and citation omitted). Under the procedural default doctrine, a federal habeas court is precluded from reaching the merits of a claim when: (1) the claim was presented to the state courts and was denied on the basis of an adequate and independent state procedural ground; or (2) the claim was not presented to the state courts and it is clear those courts would now find the claim procedurally barred under state law. *Coleman v. Thompson*, 501 U.S. 722, 735 (1991).

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus, *see* 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. *Baldwin v. Reese*, 541 U.S. 27 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). "Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies." *Id.* at

276. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. *Boerckel*, 526 U.S. at 845. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory. *Ibid*.

*Lewis v. Sternes*, 390 F.3d 1019, 1025-1026 (7th Cir. 2004) (parallel citations omitted).

In Ground One, McAuley argues that his counsel on direct appeal was ineffective because "[t]he last sentence of the argument section of McAuley's appellate brief was an attempt to raise a third issue on direct appeal [but] appellate counsel 'failed' to present cogent argument in support thereof . . .." DE 7 at 5. Though the habeas corpus petition provides few specifics about this claim, it is clear that it arises from the Court of Appeals of Indiana's opinion on direct appeal which explained:

> To the extent that the last sentence of the argument section of McAuley's brief is an attempt to raise a third issue on appeal, we briefly address what we are able to discern to be his concern. McAuley claims that it was error for the trial court to admit the testimony of Officer Hughes and Detective Espinoza, who also testified on behalf of the State. Officer Hughes' testimony was properly admitted pursuant to Indiana Evidence Rule 803(2) as an excited utterance exception to the hearsay rule. Later in the trial, Detective Espinoza's testimony was admitted to impeach Hicks' testimony that she could not remember what had happened on the evening in question, and the trial court admonished the jury as to the nature of this evidence. There was no error.

*McAuley v. State*, 02A03-1011-CR-646, slip op. at 6 (Ind. Ct. App. July 14, 2011); (DE 12-7 at 6.) The respondent argues that Ground One is procedurally defaulted because "the Indiana Court of Appeals disposed of this claim on an independent and adequate state law ground." (DE 12 at 8.) McAuley replies that the State court was wrong to have found this claim waived because he had properly presented it to the State courts.

In its opinion affirming the denial of post-conviction relief, the Court of Appeals of Indiana explained the reason this claim was waived on appeal was because McAuley changed the theory for why the hearsay statement was inadmissible and contradicted a concession he had made in his post-conviction petition.

> In his appellant's brief, McAuley contends that appellate counsel failed to adequately argue that the investigating officer's testimony regarding the victim's statements was not admissible as an excited utterance pursuant to Indiana Evidence Rule 803(2). Appellant's Br. at 40-48. However, this is not the argument McAuley presented to the PC court. In his PCR petition, McAuley asserted that appellate counsel failed to argue that the investigating officer's testimony was inadmissible because it was "hearsay within hearsay." Appellant's App. at 65. In fact, McAuley conceded in his PCR petition that the victim's statements to the investigating officer on the night of the incident were admissible as excited utterances. Because McAuley failed to present the argument he makes on appeal to the PC court, he has waived it for our review. *See Walker v. State*, 843 N.E.2d 50, 58 n.2 (Ind. Ct. App. 2006) ("Issues not raised in the petition for post-conviction relief may not be raised for the first time on post-conviction appeal."), *trans. denied, cert. denied* (2007); *Koons v. State*, 771 N.E.2d 685, 691 (Ind. Ct. App. 2002) ("The failure to raise an alleged error in the petition waives the right to raise that issue on appeal."), *trans. denied*.

*McAuley v. State*, 02A03-1302-PC-50, slip op. at 3-4 (Ind. Ct. App. August 13, 2013); (DE 12-11 at 3-4 (footnotes omitted).)

The Court of Appeals of Indiana was correct. In his amended post-conviction relief petition, McAuley described the basis of his claim as an issue involving "hearsay within hearsay." DE 12-13 at 44, 61, and 76, *see also Id.* at 43 ("But, here's the 'error', Office[r] Hughes hearsay testimony contained 'multiple hearsay.'"). As a part of the argument he presented on this point (DE 12-13 at 41-77), McAuley conceded that "the primary testimonial statement qualified under excited utterance and it was offered to prove the truth of the facts that it asserts." *Id.* at 73. He then went on to explain why despite qualifying as an excited utterance, the statement was nevertheless inadmissible because of the "hearsay within hearsay" problem.

3

(DE 12-13 at 73-77.) However, in his appellate brief, McAuley changed his argument. (*See* DE 12-8 at 49-57.) Contradicting his previous concession, the sole focus of his argument on this point was that "the victim's statement was not excited utterance." (DE 12-8 at 55.) Because he changed the basis of his claim and contradicted his prior concession, the Court of Appeals of Indiana was correct to have found that he had not presented the same issue on appeal that he had presented to the post-conviction court. As such, he did not fairly present his claim in the State court and it is procedurally defaulted here.

In Ground Two, McAuley argues that his "appellate counsel on direct appeal 'rendered' ineffective assistance by failing to raise trial counsel was ineffective for failure to object . . . to the stipulation and it could have been sustained." (DE 7 at 7.) The respondent argues that Ground Two "is also procedurally defaulted because . . . Petitioner failed to present this claim to the Indiana Court of Appeals." (DE 12 at 9.) McAuley replies that pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309, 1320 (2012), "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." *Id.*

There are two problems with McAuley's reasoning. First, he is not raising an ineffective assistance of trial counsel claim here. Rather, his claim is that appellate counsel was ineffective for not raising the ineffectiveness of trial counsel during his direct appeal. Thus, *Martinez* is not applicable to the facts of this case. Moreover, his ineffective assistance of appellate counsel argument inherently acknowledges that Indiana is not one of those States where claims of

4

ineffective assistance of trial counsel claims must be raised in an initial-review collateral proceeding – in Indiana such actions are called post-conviction relief proceedings. If it were, then the argument that appellate counsel should have raised a claim of ineffective assistance of trial counsel on direct appeal would be meritless because such a claim would not have been possible. And that is the second problem. Indiana law not only allows ineffective assistance of trial counsel claims to be raised on direct appeal, it sometimes requires it. *See Woods v. State*, 701 N.E.2d 1208, 1220 (Ind. 1998), *Benefiel v. State*, 716 N.E.2d 906, 911 (Ind. 1999), and *Brown v. Superintendent*, 996 F. Supp. 2d 704 (N.D. Ind. 2014). Thus, the legal principles of neither *Martinez* nor *Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013) (extending the holding of *Martinez* beyond States which prohibit ineffective assistance of trial counsel claims on direct appeal to those which make it "highly unlikely" that such claims will be raised on direct appeal), are applicable to proceedings arising in Indiana. Therefore, the fact that McAuley did not have counsel during his post-conviction proceeding does not excuse his procedural default of Ground Two.

In his reply brief (DE 18), McAuley also explains that procedural default can by excused where a petitioner demonstrates cause and prejudice. Though he cited to cases supporting this legal principle and explained the standards for evaluating whether cause had been shown and prejudice established, he did not include any mention of facts in this case which support such a claim. That is to say, he laid out the legal standard, but he did not argue that he met that standard based on the facts of this case. Therefore he has not demonstrated either cause or prejudice and he has not excused the procedural default of Grounds One or Two.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. To obtain a certificate of appealability under 28 U.S.C. § 2253(c), the petitioner must make a substantial showing of the denial of a constitutional right by establishing "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As previously explained, McAuley's two grounds are both procedurally defaulted. Reasonable jurists would not debate these findings and neither Ground deserves encouragement to proceed further.

For the foregoing reasons, the amended habeas corpus petition (DE 7) is **DENIED**. Sheldon C. McAuley is **DENIED** a certificate of appealability.

**SO ORDERED** on February 24, 2015.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE